ARTIS E. AND DONNA L. HINKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hinker v. Commissioner
Docket No. 29140-91
United States Tax Court
T.C. Memo 1993-403; 1993 Tax Ct. Memo LEXIS 415; 66 T.C.M. (CCH) 594; September 2, 1993, Filed *415 Decision will be entered under Rule 155. Artis E. and Donna L. Hinker, pro se. For respondent: Fred E. Green, Jr. COHEN
COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes for 1985 and 1986 as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
1985
$ 50,776
$ 11,945
$ 2,734
[1]
1986
50,018
11,405
-- --
Additions to Tax
Sec.
Sec.
Sec.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6661
1985
-- --
$ 12,694
1986
$ 2,616
[2]
12,505
The parties have agreed to reduced deficiencies for each year and additions to tax owing for 1986. The only issue for decision is whether petitioners are entitled to a refund or credit in the amount of $ 2,583 of excess withholding for 1985 to be applied against the agreed balance owing for 1986. All of the facts have been stipulated orally, and the stipulated facts are incorporated as our findings by this reference. Unless otherwise indicated, all section references are to the Internal Revenue *416 Code in effect for the years in issue. Chronology
During 1985, a total of $ 6,905 was withheld from petitioners' wages for Federal income taxes. The withheld taxes were deemed paid on April 15, 1986. Sec. 6513(b)(1). On September 11, 1987, petitioners belatedly filed their 1985 joint Federal income tax return. On that return, they showed a tax liability in the amount of $ 3,910 and requested a refund in the amount of $ 2,995 ($ 6,905 less $ 3,910). The refund was paid on approximately October 12, 1987. Petitioners made no subsequent payments of tax for 1985. On July 5, 1990, the parties executed a Form 872, Consent to Extend the Time to Assess Tax, extending the period for assessment of taxes for 1985 to December 31, 1991. On September 12, 1991, respondent sent a statutory notice of deficiency to petitioners for 1985 and 1986. When this case was called for trial on May 10, 1993, the parties appeared and stated their agreement with respect to taxes and additions to tax for 1985 and 1986. For 1985, the parties agreed that petitioners' correct tax liability is $ 1,327 and that petitioners had $ 3,910 of withholding credit for 1985 remaining after the refund that was sent *417 on October 12, 1987. Discussion
Petitioners contend that they are entitled to a credit of the balance of withheld taxes from 1985 in the amount of $ 2,583 ($ 3,910 less $ 1,327). Respondent contends that such credit is precluded by the bar of the statute of limitations. Respondent agrees that petitioners' claim for credit, deemed made as of the date of the statutory notice of deficiency, was timely. See ; sec. 6511(c); sec. 301.6511(c)-1(b), Proced. & Admin. Regs. Respondent contends, however, that the amount of credit to which petitioners are entitled in this case is limited to zero under section 6511(c)(2). Section 6511 provides the general statute of limitations for credits or refunds. Section 6512 provides rules for credits or refunds in the case of a petition to this Court. Section 6512(b)(1) states that the Court may determine an overpayment, which shall be credited or refunded, "Except as provided by paragraph (3)". Section 6512(b)(3) provides as follows: (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the *418 Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date; (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
Neither subsection (A) nor subsection (C) of section 6512(b)(3) is applicable to the facts of this case. Where, as here, the parties have executed a consent to extend the period of limitations, the amount of *419 any credit is limited by section 6511(c)(2). Because of the cross-reference within section 6511(c)(2), we must consider also section 6511(b)(2). This section provides in pertinent part as follows: (b) Limitation on Allowance of Credits and Refunds. -- * * * (2) Limit on Amount of Credit or Refund. -- (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * * * * (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
(c) Special Rules Applicable in Case of Extension of Time by Agreement. -- * * * * * * (2) Limited on amount. -- If a claim is filed, or a credit or refund is allowed when no claim was filed, after the execution of the agreement and within 6 months *420 after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof, the amount of the credit or refund shall not exceed the portion of the tax paid after the execution of the agreement and before the filing of the claim or the making of the credit or refund, as the case may be, plus the portion of the tax paid within the period which would be applicable under subsection (b)(2) if a claim had been filed on the date the agreement was executed. [Sec. 6511(b) and (c).]
Section 6511(c)(2) thus creates a two-part determination of whether the amount of any credit is limited. The first part of section 6511(c)(2) provides for credit in an amount not in excess of the amount paid after the execution of the agreement, here July 5, 1990, and before the filing of the hypothetical claim, here September 12, 1991. None of the tax was paid by petitioners during that period. Second, credit may be given for any portion of the tax paid during the period that would be allowable if a claim had been filed on the date the agreement was executed, July 5, 1990. In this case, however, if a claim had been filed on July 5, 1990, the amount *421 of credit would be limited to that portion of the tax paid within the prior 3 years; i.e., after July 5, 1987. Sec. 6511(b)(2). In this case, all of the tax was deemed paid as of April 15, 1986, and therefore none of it is subject to credit or refund. To effect the agreement of the parties and the foregoing, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest on $ 50,776.↩
2. 50 percent of the interest on $ 50,018.↩